# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HENRY JOSEPH JAQUEZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KELLY BIRCH; et al., )<br>)<br>Defendants. ) | Case No. 14-CV-205-JED-FHM<br>14-CV-380-JED-FHM |

## OPINION AND ORDER

This is a consolidated 42 U.S.C. § 1983 civil rights action commenced by Plaintiff, a *pro se* prisoner. The record reflects that, on October 15, 2014, Defendants filed a Special Report (Doc. 37), along with a motion to dismiss or, in the alternative, motion for summary judgment (Doc. 38). By Order filed January 12, 2015 (Doc. 45), the Court granted Plaintiff's motion for extension of time and established a deadline of February 11, 2015, to file a response to Defendants' motion to dismiss or, in the alternative, motion for summary judgment. That deadline passed and Plaintiff did not file a response. On July 22, 2015, the Court gave notice to Plaintiff that unless he filed a response to Defendants' motion within fourteen (14) days, or by August 5, 2015, the Court would be authorized to deem the motion confessed and to enter the relief requested. *See* Doc. 46. That deadline has now passed and Plaintiff has failed to file a response to the motion for summary judgment. For the reasons discussed below, Defendants' motion for summary judgment shall be granted. The alternative motion to dismiss shall be declared moot.

**A. Summary judgment standard**

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986);

*Kendall v. Watkins*, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 317. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Durham v. Xerox Corp.*, 18 F.3d 836, 838-39 (10th Cir. 1994).

Even though Plaintiff has failed to file a response to Defendants' motion for summary judgment, the Court must examine the record to determine if summary judgment is appropriate. *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party"). Due to Plaintiff's failure to respond, the material facts in Defendant's motion for summary judgment are deemed admitted. *See* LCvR 56.1(c) ("All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party.").

**B. Plaintiff's claims**

In his amended complaint (Doc. 6) filed in Case No. 14-CV-205-JED-FHM, Plaintiff complains that while he was in custody at the Creek County Jail (CCJ), he was "sexually assulted

[sic]" on two (2) separate occasions and that his requests for help were "simply disregarded." *Id.* at 2. He identifies three claims arising from those allegations, as follows:

> Count 1: In count (1), Corporal Waggoner gave orders to grab this plaintiff. D/O Birch and (2) other officers grabbed me. I was injured in my genital area from D/O Birch squeezing me hard and intensionally [sic] hurting this region. I told C/O Waggoner and she seen [sic] this. She didn't care. I'm sueing [sic] both officers in their individual capacity for sexual assault [sic] and violating my 14th Amendment right to be free from this abuse.
>
> Count 2: In this count (2) two, officers Smith, Kalavick, Sellars, and Dennis all personally and physically put hands on this plaintiff and were personally involved and watching and holding me down why'll [sic] D/O Kalavick punched me in my genitals about (15) fifteen to (20) twenty times and grinded his closed fist into my groin with force and intent to hurt my groin, then elbowed my chest. All whyll [sic] I was strapped to a restraint chair. I'm sueing [sic] each individual in their individual capacities for sexual assault [sic] in violation of my 14th Amendment.
>
> Count 3: In count (3) three, Kelly Birch, Gina Hutchison, Chief Prout, D/O Kalavick, D/O Sellars, D/O Dennis, D/O Birch, C/O Waggoner, Sgt. Jones, Sgt. Thompson, C/O Smith, all seen [sic] and heard me cry out sexual assult [sic]. All seen [sic] my injuries all over my body and talked with me and did not report 2 sexual assaults [sic]. I complained about or report my injuries and no relief was granted even on my grievance exhaustion. Nobody cared and I'm sueing [sic] each individual in their individual capacities.

*Id.* In his request for relief, Plaintiff asks for "mental health treatment for sexual assult [sic], I want compensation of relief for pain and suffering, nominal fees, punitive damages, filing fees, attorneys fees." *Id.* at 3.

On July 9, 2014, in Case No. 14-CV-380-JED-FHM, Plaintiff filed a new complaint (Doc. 1), along with a motion to proceed *in forma pauperis* (Doc. 2). Plaintiff names two defendants: Kelly Birch, CCJ Administrator; and Gina Hutchison, CCJ Assistant Administrator. In the Nature of Case section of the complaint, Plaintiff states that:

> Plaintiff deprived of outside recreation for months, not provided counseling/ counselor for serious mental needs, deprived and stripped of faith and religion

3

because of no chaplin [sic], deprived of legal aid -- law library because of no law clerks or certified legal aid, resulting in injury. Being deprived of sheets/bedding for 7 months and having to wear clothes that are degrading for (7) seven months, resulting in injury, being stripped of my basic rights causing "atrophy," rashes, bleeding, anxiety, mental, case injury, etc.

(Doc. 1 at 2). Based on those allegations, along with additional factual allegations found in handwritten pages attached to the complaint, Plaintiff identifies five (5) causes of action, as follows:

Count 1: Deliberate indifference to provide counseling for mental health needs after a sexual assult [sic] and being a victim of sexual assult [sic].

Count 2: Conditions of confinement, this plaintiff was booked into Creek County Jail on Dec. 28th, 2013. From that day until now 7-1-14 and still ongoing Plaintiff has not been provided with sheets (bedding) and clothes that are not degrading. Inmates here at Creek County Jail and Plaintiff have to roll around on filthy dirty mattresses.

Count 3: Conditions of confinement. Plaintiff was booked into the county jail on Dec. 28th, 2013. Today is July 1st, 2014. On the day of May 14th 2014, while in Creek County Jail, I was put into observation by administration, and put on administrative segregation and remained in observation cell in the booking area. I have had no opportunity for outside recreation, fresh air, or exercise.

Count 4: Legal, this plaintiff is being denied law library tools, assistance, forms, and proper time in a law library.

Count 5: Religion, this plaintiff has been at the Creek County Jail since Dec. 28th, 2013. Since at this jail I have not been able to see or talk to the chaplin [sic].

*Id.* In his request for relief, Plaintiff asks for "injunction relief, to make the jail admin. stop violating basic rights and abide by law . . . to be compensated for pain and suffering, nominal, declaratory, filing fees, and attorneys fees, at approx $2,000,000." *Id.* at 3.

By Order filed December 11, 2014, the Court consolidated Case Nos. 14-CV-205-JED-FHM and 14-CV-380-JED-FHM. Defendants' motion to dismiss, or alternatively, motion for summary judgment (Doc. 38), filed in Case No. 14-CV-205-JED-FHM, addresses all claims raised by Plaintiff

in the amended complaint filed in Case No. 14-CV-205-JED and the complaint filed in Case No. 14-CV-380-JED.

After reviewing the summary judgment record and for the reasons discussed below, the Court finds there is no genuine dispute as to any material fact as to Plaintiff's claims arising from his detention at the CCJ. For that reason, Defendants are entitled to judgment as a matter of law.

**1. Use of force**

First, the uncontroverted summary judgment record demonstrates that Defendants' use of force was objectively reasonable under the circumstances faced by Defendants and did not result in a violation of Plaintiff's Fourteenth Amendment rights. *Porro v. Barnes*, 624 F.3d 1322, 1325-26 (10th Cir. 2010). An excessive force claim under the Fourteenth Amendment targets "arbitrary governmental action, taken without due process . . . ." *Id.* at 1326. "Force inspired by malice or by unwise, excessive zeal amounting to an abuse of official power that shocks the conscience may be redressed under the Fourteenth Amendment." *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1243 (10th Cir. 2003) (quotations omitted). To determine whether a use of force is excessive under the Fourteenth Amendment, a court considers three factors: "(1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the state actor." *Id.* This standard provides a "high threshold." *Bella v. Chamberlain*, 24 F.3d 1251, 1257 (10th Cir. 1994).

In this case, the record demonstrates that the amount of force used by Defendants on April 4, 2014, and July 14, 2014, was not excessive in light of the circumstances, including Plaintiff's erratic, uncooperative, and disruptive behavior. *See* Doc. 37 at 2-7. As part of the Special Report, Defendants attach jail records documenting Plaintiff's violent behavior at CCJ. *See* Doc. 37-1 – 37-

12. Those records reflect that Plaintiff repeatedly engaged in violent conduct dangerous to himself and the jail staff. *Id.* On August 6, 2014, because of his disruptive and assaultive behavior, Plaintiff was physically removed from the CCJ and transported to the Tulsa County Jail. *See* Doc. 37-10. Nothing in the summary judgment record suggests any defendant used force inspired by malice or unwise excessive zeal during the incidents. In addition, the record demonstrates that the amount of force used did not exceed what was necessary to restore order inside the jail. Lastly, the facility nurse who examined Plaintiff within hours of the April 4, 2014, incident observed only "superficial cuts on [Plaintiff's] arms and torso, [no] bruising or swelling noted." *See* Doc. 38-4. Based on the uncontroverted record, the Court finds no genuine dispute as to any material fact. Therefore, Defendants are entitled to judgment as a matter of law on the claims raised in the amended complaint filed in Case No. 14-CV-205-JED-FHM. Defendants' motion for summary judgment shall be granted as to those claims.

**2. Conditions of confinement**

The uncontroverted summary judgment record demonstrates that the conditions of confinement at CCJ did not violate Plaintiff's Fourteenth Amendment rights.[1] Specifically, Plaintiff complains that his bedding and clothing were filthy and that he was deprived of outside recreation.

---

[1] Defendants state that Plaintiff was a pretrial detainee at the time of the incidents giving rise to Plaintiff's claims. While the conditions under which a convicted prisoner is held are subject to scrutiny under the Eighth Amendment, the conditions under which a pretrial detainee is confined are scrutinized under the Due Process Clauses of the Fifth and Fourteenth Amendments. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "Although the Due Process clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citation omitted).

"The Eighth Amendment requires jail officials to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (internal quotation omitted). However, the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981)). "To hold a jailer personally liable for violating an inmate's right to humane conditions of confinement, a plaintiff must satisfy two requirements, consisting of an objective and subjective component." *Craig*, 164 F.3d at 495; *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component "requires that the alleged deprivation be 'sufficiently serious.'" *Craig*, 164 F.3d at 495 (quoting *Wilson*, 501 U.S. at 298). The subjective component requires a showing that the jail official acted with "'deliberate indifference' to inmate health and safety." *Id.* (quoting *Farmer*, 511 U.S. at 834).

The uncontroverted summary judgment record contains documents and evidence demonstrating that Plaintiff has not satisfied either the objective or the subjective component of the Eighth Amendment standard. As part of the Special Report, Defendants provided the weekly laundry schedule for the CCJ, *see* Doc. 37-11, and state that "[l]aundry is exchanged on a routine schedule and inmates can place as much of their bedding and clothing into their laundry bag as they may choose." (Doc. 37 at 7). Defendants also state that "[o]utdoor recreation is available to inmates at the CCJ. However, it was not available to Jaquez for much of his stay because he remained in observation cells or segregation due to his behaviors or his refusal to complete his segregation time."

*Id.* at 8. Plaintiff does not allege, and nothing in the record suggests, that any defendant acted with deliberate indifference to Plaintiff's health and safety with regard to providing adequate bedding, clothing, and outside recreation while Plaintiff was at the CCJ. The Court finds no genuine dispute as to any material fact. Therefore, Defendants are entitled to judgment as a matter of law on the conditions of confinement claims raised in the complaint filed in Case No. 14-CV-380-JED-FHM. Defendants' motion for summary judgment shall be granted as to those claims.

### 3. Access to courts

Plaintiff also complains that he was deprived of adequate access to legal materials in violation of his right of access to courts. *See* Doc. 1, Case No. 14-CV-380-JED-FHM. However, to state a claim for denial of access to courts under *Lewis v. Casey*, 518 U.S. 343, 352-53 and n.3 (1996), a plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Nothing in the summary judgment record suggests that Plaintiff has a nonfrivolous, arguable claim. Therefore, Defendants' motion for summary judgment shall be granted as to any claim of denial of access to courts.

### 4. Denial of free exercise rights

Next, Plaintiff complains that he was denied access to a chaplain. *See* Doc. 1, Case No. 14-CV-380-JED-FHM. The Free Exercise Clause mandates that prison authorities afford prisoners reasonable opportunities to exercise their sincerely held religious beliefs. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Inmates' free exercise rights are, however, subject to prison restrictions rationally related to legitimate penological interests. *Id.* at 349.

In the Special Report, Defendants state that CCJ has "an active volunteer chaplain service and church services are held at least twice a week and usually four to five times per week . . . Only

8

Jaquez's behaviors and lack of interest would have prevented him from accessing these services." (Doc. 37 at 8). Plaintiff presents no evidence controverting Defendants' assertion that he never "requested access to a chaplain or any other religious services until he filed a grievance just prior to commencing this action." (Doc. 38 at 9). Thus, because nothing in the summary judgment record suggests that Plaintiff has a nonfrivolous claim, Defendants' motion for summary judgment shall be granted on this claim.

    **5. Adequacy of medical care**

Lastly, the uncontroverted summary judgment record demonstrates that Plaintiff was not deprived of adequate medical and mental health care in violation of his rights under the Fourteenth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Farmer*, 511 U.S. at 837; *Oxendine v. Kaplan*, 241 F.3d 1272, 1276-78 (10th Cir. 2001). First, personal participation is an essential element of a § 1983 claim. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *see also Garrett v. Stratman*, 254 F.3d 946, 950 n.4 (10th Cir. 2001) (noting that medical official must have "played a role in the challenged conduct" to be liable for an Eighth Amendment violation). None of the named defendants personally participated in providing medical care to Plaintiff.[2] *See* Doc. 38 at 7-8.

In addition, under the Eighth Amendment standard, the same two-pronged showing discussed above is required to establish a violation of the right to adequate medical care. The objective element is satisfied "if the condition has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine*, 241 F.3d at 1276 (internal quotations omitted). "Deliberate indifference" is

---

[2]Because defendants did not personally participate in the medical care provided to Plaintiff, the complaint fails to state a claim upon which relief may be granted as to the adequacy of medical care provided by the named defendants.

9

defined as knowing and disregarding an excessive risk to an inmate's health or safety. *Farmer*, 511 U.S. at 827; *Estelle*, 429 U.S. at 104-05. The subjective element is satisfied when a plaintiff shows that the defendant was subjectively aware of a substantial risk of serious harm to an inmate but failed to take steps to alleviate the risk. *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Negligence does not state a claim under § 1983 for deliberate indifference to medical needs. *See Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment also are not enough to state a deliberate indifference claim. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

The record reflects that, on April 4, 2014, Plaintiff was seen by medical staff at the CCJ. *See* Doc. 37-3. The LPN who examined Plaintiff wrote: "during morning medpass I/M reported to me that during the night he was put in the restraint chair for holding his beanhole hostage and not following orders. I/M c/o scratches on body. Several superficial cuts on arms and torso. 0 bruising or swelling noted. Will continue to monitor." *Id.* In addition, other Jail Incident Reports contained in the record reflect that on July 15, 2014, after another violent outburst, Plaintiff "was seen in medical" and checked for injuries. *See* Doc. 37-8 at 2-3. Also, the uncontroverted summary judgment record contains a letter, dated April 23, 2014, from Deputy Lance Prout to Plaintiff stating that "you have been seen by our psychiatric nurse and our medical doctor on several occasions since [suicidal reports] occurred." *See* Doc. 38-10. That record demonstrates that Plaintiff was promptly examined by health care providers at CCJ following his violent outbursts and that he was evaluated by psychiatric and medical staff at the CCJ. Nothing in the record suggests that any defendant, or

any other jail official, was deliberately indifferent to a serious medical need. The Court finds no genuine dispute as to any material fact. Therefore, Defendants are entitled to judgment as a matter of law on Plaintiff's claims that he was deprived of adequate medical care. Defendants' motion for summary judgment shall be granted as to those claims.

## C. Conclusion

As Plaintiff has failed to respond to Defendant's motion for summary judgment and, pursuant to local rule, has admitted the "statement of undisputed facts" in Defendants' motion for summary judgment, Defendants have carried their burden and they are entitled to summary judgment. Furthermore, the Court's review of the uncontroverted record demonstrates that Defendants are entitled to summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendants' motion for summary judgment (Doc. 38) is **granted**.

2. Defendants' alternative motion to dismiss (Doc. 38) is **declared moot**.

3. This is a final Order terminating this consolidated action.

4. A copy of this Opinion and Order shall be filed in both Case Nos. 14-CV-250-JED-FHM and 14-CV-380-JED-FHM.

5. A separate judgment in favor of Defendants shall be entered in this matter.

ORDERED THIS 12th day of August, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE